# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL  jdabbs@kaplanhecker.com

May 19, 2020

**VIA ECF**

Application granted.

SO ORDERED:

The Honorable William H. Pauley III
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

_____
WILLIAM H. PAULEY III
U.S.D.J.

Re:    *U.S. v. Romero et al.*, No. 1:19-cr-734 (WHP)

May 21, 2020

Dear Judge Pauley:

We represent Cristian Guerrero-Melgares, a pre-trial defendant in the above-captioned matter currently detained in the Metropolitan Correctional Center ("MCC"). Earlier today, we filed a renewed motion requesting that Your Honor issue an order temporarily releasing Mr. Guerrero-Melgares on bail while awaiting trial (the "Renewed Bail Motion"). The Renewed Bail motion references medical information contained in Mr. Guerrero-Melgares' medical records from the MCC (the "MCC Medical Records"). We respectfully request that Your Honor order the MCC Medical Records to be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).[1] The Government consents to this request. In accordance with Your Honor's Individual Practices, the Southern District of New York's Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files, Rule 6.2 of the Southern District of New York's Electronic Case Filing Rules & Instructions, and Rule 18.1 of the April 1, 2020 Addendum to the Electronic Case Filing Rules & Instructions, we will file the MCC Medical Records by submitting them to the Court's depository box at the Daniel Patrick Moynihan Courthouse if Your Honor grants this request.

The Second Circuit recognizes "the common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch*, 435 F.3d at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). In light of the common law right of public access to judicial documents, the Second Circuit has articulated a three-step process that courts follow to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.*

---
[1] In light of the COVID-19 pandemic, we are simultaneously submitting an unsealed copy of Mr. Guerrero-Melgares' MCC Medical Records to Your Honor via email and copying the Assistant United States Attorneys on this case.

KAPLAN HECKER & FINK LLP

2

at 119.  Second, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access.  *Id.*  Third, after determining the weight of the presumption of access, the court must balance the competing considerations against it."  *Id.* at 120.  Countervailing factors "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.*

Because the MCC Medical Records are relevant to the relief we seek in the Renewed Bail Motion, we recognize that they are judicial documents.  *Id.* at 119 (explaining that judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process.").  However, the presumptive right of access to judicial documents is not absolute.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case").  Here, the MCC Medical Records contain highly personal, confidential, and sensitive information regarding Mr. Guerrero-Melgares' health and medical history.  They are not limited to Mr. Guerrero-Melgares' respiratory condition, but also reflect other sensitive diagnoses and personal information.  Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted those documents that implicate that right to be filed under seal.  *United States v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute.").  Courts in the Second Circuit have also routinely filed under seal defendants' sensitive medical records.  *See, e.g.*, *United States v. Daugerdas*, No. 09-cr-581, 2020 WL 2097653, at *3, n.2 (S.D.N.Y. May 1, 2020) (noting that defendant's BOP medical records submitted in connection with a motion for a reduction in sentence under the federal compassionate release statute in light of COVID-19 would be docketed under seal); *United States v. Ebbers*, No. 02-CR-1144-3, 2020 WL 91399, at *1, n.1 (S.D.N.Y. Jan. 8, 2020) (allowing medical records to be filed under seal); *Ahmad v. White Plains City Sch. Dist.*, 2019 WL 3202747, at *3 (S.D.N.Y. July 16, 2019) (same); *France v. Morton*, 2018 WL 1276860, at *6, n. 12 (S.D.N.Y. Mar. 9, 2018) (same); *Bloch v. Pike*, No. 09-CV-5503, 2010 WL 2606355, at *7 (E.D.N.Y. May 20, 2010) (same); *Robinson v. Clark*, No. 15-CV-8434 (KMK), 2017 WL 775813, at *10 (S.D.N.Y. Feb. 27, 2017) (filing submission under seal where documents contained "medical information not appropriate for filing on a public docket.").

Here, too, the Court should exercise its discretion and permit Mr. Guerrero-Melgares' MCC Medical Records to be filed under seal.

Thank you for your consideration of this request.

KAPLAN HECKER & FINK LLP

3

                                        Respectfully submitted,

                                        Jenna M. Dabbs
                                        Abra Metz-Dworkin
                                        Brandon C. Thompson
                                        KAPLAN HECKER & FINK LLP
                                        350 Fifth Avenue, Suite 7110
                                        New York, New York 10118
                                        Telephone: (212) 763-0883
                                        Facsimile: (212) 564-0883
                                        jdabbs@kaplanhecker.com
                                        ametz-dworkin@kaplanhecker.com
                                        bthompson@kaplanhecker.com

                                        *Counsel for Cristian Guerrero-Melgares*

cc:      (by ECF)

Assistant United States Attorneys Justin Rodriguez, Michael Longyear, and Jacob Warren